# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

---

**ASHLEY HUNTINGTON-FRISBEY,** *individually*,

    Plaintiff,

v.

**AMERICAN NATIONAL HOME HEALTH CARE, INC.**, *a Tennessee Corporation,* **CONTINUOUS CARE SERVICES, LLC,** *a Tennessee Limited Liability Company, and* **LEGACY HR, LLC**, *a Tennessee Limited Liability Company.*

    Defendants.

NO. _____

**JURY TRIAL DEMANDED**

---

## ORIGINAL COMPLAINT
---

Plaintiff, Ashley Huntington-Frisbey ("Plaintiff" or "Ms. Frisbey"), individually, brings this action against American National Home Health Care, Inc., Continuous Care Services, LLC, and Legacy HR, LLC (collectively, "Defendants" or "employers") and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff due to her misclassification as "exempt" from overtime.

## II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district and performed work for Defendants in this district at all times relevant to this action. Moreover, Defendants regularly conducted (and upon information and belief continue to conduct) business in this district and have engaged in FLSA violations in this district during all material times in this cause.

### III. PARTIES

4. Plaintiff Ashley Huntington-Frisbey was employed by Defendants as a Registered Nurse ("RN") within this district during the applicable statutory limitations' period.

5. Defendant American National Home Health Care, Inc. ("American National") is a Tennessee Corporation with its principal office located at 95 Signature Pl, Lebanon, TN 37087-3285. American National has been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant can be served process through its registered agent: Jack D. Lowery, 150 Public Sq, Lebanon, TN 37087-2736.

6. Defendant Continuous Care Services, LLC ("CCS") is a Tennessee Limited Liability Company with its principal office located at 3530 Central Pike, Ste 101, Hermitage, TN 37087. CCS has been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant can be served process through its registered agent: Jack D. Lowery, 150 Public Sq, Lebanon, TN 37087-2736.

7. Defendants American National and CCS operate home health agencies wherein their employees provide nursing and physical therapy care to patients or fulfill administrative duties such as obtaining home health orders and billing Medicare or insurance companies.

8. Upon information and belief, Legacy HR, LLC performed payroll functions and some human resources functions for Defendants American National and CCS during the statutory time period beginning around January of 2018, including issuing Plaintiff's 2018 and 2019 W-2 forms in its name as her employer and regularly issuing Plaintiff paychecks on behalf of American National and CCS for work she performed for those entities.

9. Defendant Legacy HR, LLC ("Legacy") is a Tennessee Limited Liability Company with its principal office located at 1039 Grassland Chase Dr., Gallatin, TN 37066-4483 (or P.O. Box 1798, Hendersonville, TN 37077). Legacy has been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant can be served process through its registered agent: Nader Baydoun, 5141 Virginia Way, Ste 210, Brentwood, TN 37027-7573.

## V. ALLEGATIONS

10. Defendants hired Plaintiff as a RN to treat patients for Defendants' home health agencies (American National and CCS).

11. Plaintiff performed those duties at the direction, supervision and control of American National and CCS.

12. Plaintiff routinely worked in excess of forty (40) hours per week performing those duties as required by Defendants.

13. In fact, Plaintiff worked on average about fifty-three (53) hours per week caring for patients in their homes, charting, and communicating with patients or clinicians at home about patient care issues.

14. Plaintiff was employed by Defendants within the last three (3) years, from June of 2017 through December of 2019.

15. During that time period, Defendants classified Plaintiff as "exempt" from receiving overtime compensation (or one-and-a-half (1.5) times her regular rate for hours worked over forty (40) per week), except for about six (6) months beginning around September 2018 wherein Defendants classified Plaintiff as hourly and "non-exempt" when she performed office work only.

16. While she was classified as "exempt," Defendants paid Plaintiff on a "pay-per-visit" basis for patient care and simultaneously paid her on an hourly basis for meetings occurring during the same weekly time periods.

17. Since Defendant used this hybrid method of compensation described above during Plaintiff's employment as an "exempt" employee, she was not subject to the Learned Professional Exemption.

18. Defendants are unable to bear their burden of showing Plaintiff is within any of the FLSA overtime exemptions.

19. Therefore, Defendants misclassified Plaintiff as exempt from the payment of FLSA overtime for hours worked in excess of forty (40) within weekly pay periods.

20. Upon information and belief, for at least three years prior to the filing of this Action, Defendants willfully and intentionally committed this violation of the FLSA.

21. Plaintiff was never paid overtime compensation for performing the duties described herein while misclassified as an exempt employee, in violation of the FLSA.

22. Therefore, Plaintiff is entitled to receive from Defendants unpaid overtime compensation for all those hours she worked over forty (40) per week (i.e., on average thirteen (13) hours per week) at the rate of one-and-one-half (1.5) times her regular hourly rate of pay during the applicable three (3) year statutory limitations' period.

23. Defendants have been the "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

24. Defendants employed Plaintiff and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Action.

25. Defendants constitute a "joint employer" as that term is defined under 29 C.F.R. § 791.2.

26. American National and CCS jointly hired and shared control of Plaintiff during her employment through their shared Vice President of Operations.

27. Both American National and CCS exercised significant control over the terms and conditions of Plaintiff's employment, including supervising her work duties, evaluating her work performance, retaining the ability to terminate her employment, and determining her duties, work schedule, pay rate, and pay classification.

28. American National and CCS also maintained Plaintiff's employment records confirming her licensure, certification, patients seen, and services rendered for them.

29. Legacy implemented the pay classification and pay policy with regard to Plaintiff, issued Plaintiff W2s and paychecks on behalf of American National and CCS, and kept her employment records as they related to her compensation during 2018 through at least December 31, 2019.

30. Plaintiff has been an "employee" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Complaint.

31. Upon information and belief, Defendants were subject to the "enterprise coverage" and/or "individual coverage" requirements of the FLSA during the statutory period because

Defendants consisted of an "[e]nterprise engaged in commerce or in the production of goods for commerce" or which employed individuals that were engaged in interstate commerce and which received an annual revenue in excess of $500,000.00, as specified in 29 U.S.C. §§ 203(b), 203(s)(1), 206(a), 207(a).

32. Defendants American National and CCS billed Medicare through interstate communications such as faxes, emails, calls, and internet transactions.

33. Employees of American National and/or CCS also regularly delivered wound care supplies and physical therapy equipment to patients that were billed to them or their insurance, travelled out of state to assist the Vice President of American National and CCS with administrative tasks as instructed, and performed biweekly interstate payroll transactions.

34. During all times material to this Action, Plaintiff did not have the ability to clock-in or clock-out or have access to any time keeping system that tracked or reported her hours worked.

35. Defendants failed to record all of Plaintiff's hours worked or to permit her to record all of her hours worked (including overtime hours); thus, Defendants failed to keep proper time and payroll records as required by the FLSA.

36. The net effect of Defendants' practice of misclassifying Plaintiff as exempt from overtime compensation, and failing to pay her for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff.

37. Although at this stage Plaintiff is unable to state the exact amount owed to her, she can make a reasonable estimate of her average unpaid overtime hours worked per week during

the relevant statutory time period and believes other relevant information will become available during the course of discovery. In this situation, since the employers failed to keep complete and accurate time records, Plaintiff as the employee may establish the unpaid hours worked solely by her testimony and the burden of proof of overcoming such testimony shifts to her employers.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

38. Plaintiff repeats and re-alleges Paragraphs 1 through 37 above as if set forth herein.

39. At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all times relevant herein, Defendants employed Plaintiff as an "employee" within the meaning of the FLSA.

41. Defendants willfully misclassified Plaintiff as exempt from the payment of overtime compensation for all hours worked over forty (40) per week and failed to pay Plaintiff the applicable FLSA overtime rates of pay within weekly pay periods during all times relevant, as hereinbefore described.

42. At all times relevant herein, Defendants had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff fully for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay without a good faith basis.

43. Defendants acted willfully, and without a good faith basis, in their failure to pay Plaintiff overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

7

Case 3:20-cv-00643    Document 1    Filed 07/23/20    Page 7 of 9 PageID #: 7

44. As a result of Defendants' willful failure to compensate Plaintiff fully at the applicable overtime rates of pay for all hours worked in excess of forty (40) within applicable weekly pay periods, Defendants have violated the FLSA, 29 U.S.C. § 255(a).

45. Due to Defendants' willful FLSA violations and lack of a good faith basis, as described above, Plaintiff is entitled, and hereby seeks, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff requests the Court to enter judgment in her favor on this Complaint and:

A. Award Plaintiff all unpaid overtime compensation against Defendants;

B. Award Plaintiff liquidated damages against Defendants in accordance with the FLSA in an amount equal to her unpaid overtime compensation;

C. Find and declare that Defendants' violations of the FLSA were willful, and accordingly that the three-year statutory period for willful violations under the FLSA shall apply in this action;

D. Award Plaintiff post-judgment interest against Defendants at the applicable legal rate;

E. Award Plaintiff prejudgment interest against Defendants (to the extent that liquidated damages are not awarded);

F. Award Plaintiff costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees against Defendants in accordance with the FLSA;

G.  Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

H.  Provide such other general, equitable, and/or specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: July 23, 2020.                Respectfully Submitted,

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*pjackson@jsyc.com*

*and*

Nina H. Parsley (TN BPR #023818)
**PONCE LAW**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
*nina@poncelaw.com*

*Attorneys for Plaintiff*